UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE WARREN TRUST ET AL. | CIVIL ACTION |
| VERSUS | NO. 11-1394 |
| THE UNITED STATES OF AMERICA | SECTION "R"(2) |

### ORDER ON MOTION

APPEARANCES:   None (on the briefs)

MOTION:   Plaintiffs' Motion for Leave to File Second Supplemental and Amended Complaint, Record Doc. No. 29

O R D E R E D:

 XXX : GRANTED. The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

In addition, where–as here–the court has entered a scheduling order setting a deadline for the amendment of pleadings, Record Doc. No. 10, the schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003). "In determining good cause, we consider four factors: '(1) the explanation for the

failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b)) (quoting S & W Enters., 315 F.3d at 535); accord Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008); Nunez v. U.S. Postal Serv., 298 F. App'x 316, 319 (5th Cir. 2008); In re Int'l Marine, LLC, No. 07-6424, 2009 WL 498372, at *1-2 (E.D. La. Feb. 26, 2009) (Fallon, J.).

  I find that good cause to permit the late amendment has been established in this case. The explanation for the late amendment, that it is asserted in response to defendant's motion to dismiss, Record Doc. No. 14, following an oral argument hearing in which the court commented upon possible deficiencies, Record Doc. No. 27, is persuasive. The amendment is important, as discussed below, in that it will provide the presiding district judge with a full record on which to decide the motion to dismiss. I perceive no prejudice in allowing the amendment, and no need for a continuance.

  Thus, the liberal Rule 15 standard applies.  One amendment has previously been granted, a factor weighing against permitting the amendment. All other factors, however, favor permitting it.  I perceive no undue delay, bad faith, dilatory motive or undue prejudice to defendant, who opposes the motion principally on grounds it is futile. The futility standard equates with the Rule 12(b)(6) standard.  Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872-73 (5th Cir. 2000).  In addition, defendant's futility argument in response to this motion is essentially the same as asserted in support of its motion to dismiss pending before the district judge. She is the appropriate judicial officer to determine the merits of this argument. Although the pending motion to dismiss is for lack of jurisdiction rather than failure to state a claim, the situation presented in this instance is analogous in that plaintiff seeks to cure a pleading deficiency it argues will address the jurisdictional issue raised in the pending motion to dismiss.  "A court should not dismiss an action . . . without giving the Plaintiff an opportunity to amend." Litson-Gruenber v. JPMorgan Chase & Co., No. 7:09-cv-056-0, 2009 WL 4884426, at *6 (N.D. Tx. 12/16/09) (citing Hart v. Bayer Corp., 199 F.3d 239, 248 n. 6 (5th Cir. 2000); Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002); Linck v. Brownsville Navigation Dist., 4 F.3d 989, 1993 WL 360773, at *4 (5th Cir. 1993). Thus, I will permit the amendment, so that the presiding district judge will have a clear and complete pleadings record on which to make that determination.

  New Orleans, Louisiana, this   16th   day of February, 2012.

**CLERK TO NOTIFY:**           JOSEPH C. WILKINSON, JR.
**HON. SARAH S. VANCE**        UNITED STATES MAGISTRATE JUDGE