# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE WARREN TRUST AND** <br> **THE MARIETTA TRUST,** <br>         **Plaintiffs,** <br><br> **VERSUS** <br><br> **THE UNITED STATES OF AMERICA,** <br>         **Defendant** | **CIVIL ACTION** <br><br> **No. 11-1394** <br><br><br> **SECTION "E** |

## ORDER AND REASONS

Before the Court is the Plaintiffs' Motion for Alternative Dispute Resolution Under Local Rule 16.3.1(c) (the "Motion").[1] For the reasons stated below, the Motion is DENIED.

## BACKGROUND

This case stems from the Army Corps of Engineers' execution of the Defense Environmental Restoration Program ("DERP"), 10 U.S.C. §§ 2701 - 2708, on a 15,000-acre tract of land in Hammond, Louisiana that was used as a bombing and gunnery range (the "Range") during World War II. Plaintiffs, who allege that they own over 10,000 acres of land located within the Range, assert that Defendant, through the Army Corps, failed to follow certain mandatory rules and regulations in its execution of the DERP on the Range, causing monetary damages to Plaintiffs. Plaintiffs set forth claims under the Federal Tort Claims Act ("FTCA"), the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), and the Due Process Clause of the Fifth Amendment of the United States Constitution.[2]

---

[1] R. Doc. 32.

[2] *See* Complaint, First Supplemental and Amended Complaint (R. Doc. 16), Second Supplemental and Amended Complaint (R. Doc. 46), and Third Supplemental and Amended Complaint (R. Doc. 52).

In addition to the Motion, several motions have been filed in this case, including (1) Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction;[3] (2) Defendant's Motion for Summary Judgment on Due-Process Claim;[4] and (3) Defendant's Motion to Dismiss the Trusts' Count Two (CERCLA) Claim for Lack of Subject-Matter Jurisdiction and Failure to State a Claim.[5]

**ANALYSIS**

Local Rule 16.3.1 provides:

> If the presiding judicial officer determines at any time that the case will benefit from alternative dispute resolution, the judicial officer may:
>
> (a) refer the case to private mediation, if the parties consent, even if such mediation efforts upset previously set trial or other dates;
> (b) order nonbinding mini-trial or nonbinding summary jury trial before a judicial officer with the parties' consent; or
> (c) employ other dispute resolution programs that may be designated for use in this District.

All alternative dispute resolution proceedings are confidential.

In this case, an order mandating alternative dispute resolution ("ADR") plainly is not appropriate under Local Rule 16.3.1, subsection (a) or (b), because Defendant has not consented to private mediation or a nonbinding mini-trial or nonbinding summary jury trial. Instead, the Motion relies upon subsection (c), under which the Court may employ other dispute resolution programs that may be designated for use in this District if the presiding judicial officer determines that the case will benefit from ADR. LR 16.3.1(c).

---

[3] R. Doc. 14.

[4] R. Doc. 63.

[5] R. Doc. 64.

Plaintiffs assert that this case will benefit from ADR because it will provide an alternative to the Court's disposition of the pending and future motions, "force the parties to seek common ground[,]" and preserve the resources of the Court and the parties.[6] Defendant asserts that the parties previously discussed a possible amicable resolution or settlement in another case involving the same parties and the same property and were unable to reach a resolution.[7] Due to the nature of those discussions, Defendant asserts that "any further discussions, including alternative dispute resolution or mediation, would be fruitless."[8] Further, because the parties are able to determine now that there is "insufficient common ground" to reach a resolution, Defendant asserts that ADR would not preserve the resources of the Court or the parties.[9]

In light of Defendant's lack of consent to ADR, the pending motions to dismiss and motion for summary judgment, and the previous unsuccessful settlement discussions between the parties, the Court finds that the case will not benefit from ADR. Accordingly,

**IT IS ORDERED** that the Motion be and hereby is **DENIED**.

**New Orleans, Louisiana, this 18th day of May, 2012.**

                                              _Susie Morgan_
                                            **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. 32-2.

[7] R. Doc. 36 at p. 2.

[8] *Id.*

[9] *Id.* at pp. 3-4.